## Gelsie J. Monti v. Kenneth N. Denton and Dorden Corporation

[329 A.2d 646]

No. 15-74

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed December 3, 1974

Motion for Reargument Denied December 18, 1974

*Gelsie J. Monti, Esq.,* Barre, *pro se.*

*Robert J. Kurrle, Esq.,* Montpelier, for Defendants.

**Smith, J.** The principal question involved in this appeal from the Washington County Court (now Washington Superior Court) is whether or not a written agreement existed between the plaintiff and the defendants relative to the terms and amounts of payment to be made to the plaintiff, the assignee of a judgment against the defendants.

The assignor, Dindo, recovered a judgment against the defendants in 1970 in the Washington County Court. The judgment was subsequently affirmed by this Court. See *Dindo* v. *Denton*, 130 Vt. 98, 287 A.2d 546 (1972). The judgment was assigned to the plaintiff in August, 1971, and he is now the sole owner of the same.

During the latter part of 1972, negotiations were entered into between the plaintiff and the defendants' then representative, Attorney W. Edson McKee, in an attempt to reach a mutual agreement on payment over a period of time. The plaintiff insisted upon the furnishing of security. Various conferences took place and letters were exchanged between the plaintiff and Attorney McKee upon this matter.

Attorney McKee prepared a draft agreement setting forth a payment schedule. As subsequently revised by the plaintiff, it was signed by the defendant Denton, as president of Dorden Corporation, on December 18, 1972.

This agreement, the existence of which is disputed, set forth that the then balance on the judgment "of $9,375.00 shall be reduced upon the signing of this Agreement by a payment of $3,000.00, leaving a balance due of $6,375.00." The provision most favorable to the interests of the defendants was "All interest upon the Judgment is waived upon condition that the terms of this Agreement are fulfilled, otherwise it shall be collectible."

The plaintiff received a copy of this agreement, signed by Denton, but did not receive anything in the way of security. By letter dated January 12, 1973, the plaintiff rejected the agreement, citing as one of the grounds a failure on the part of the defendant to come up with the security. He then brought this suit seeking the unpaid balance of the assigned judgment, plus accrued interest, and obtained a favorable judgment. The lower court found his computations of the amount still due on the 1970 judgment, rather than the terms of the written agreement, to be controlling because "No mutual agreement was ever finally reached between the parties as to payment."

The contention of the defendants here is that the quoted finding cannot stand because the plaintiff, Monti, is bound by the contract which he did not sign under the doctrine enunciated by this Court in *Norton & Lamphere Construction*

Co. v. *Blow & Cote, Inc.*, 123 Vt. 130, 134, 183 A.2d 230 (1962). In *Norton* we held that a proposed contract drafted by one party is an offer which binds both parties when accepted by the signature of the other party, and the offeror cannot evade its terms by neglecting to affix his signature. *Id.*

The *Norton* decision is applicable here only if Monti can be characterized as the offeror. The contract here in question, however, was not originally drafted by the plaintiff, but by defendants' own attorney who forwarded it to them for signature.

The defendants evidently rely on the fact that Monti made revisions to the contract, before it was sent to the defendants by their attorney, to characterize Monti as the offeror now seeking to evade the contract's terms. But it is the testimony describing the context within which these revisions were made that furnishes support for the lower court's finding that no mutual agreement was reached previously because, according to another finding, "It was the understanding of the plaintiff that security was to be given with details regarding the same to be agreed upon." Monti testified that, after looking over the proposed agreement and making some revisions therein, he informed Mr. McKee's secretary that there were other changes to be made after he conferred with Mr. McKee, who was absent from the office at that time. Provision for the furnishing of security was the major change contemplated. There is no dispute but that the security sought by the plaintiff was never provided.

Furthermore, Attorney McKee's testimony, in response to a question by plaintiff, that there was "No question that you wanted security and I spent half a year of my life trying to get it" shows that the plaintiff's requirement that security be furnished was not an undisclosed mental reservation that he entertained during his negotiations and correspondence with Attorney McKee or at the time that he made what he considered to be preliminary revisions to the proposed contract. Certainly on this record the findings of the court below are not clearly erroneous. V.R.C.P. 52.

The defendants also argue that the plaintiff accepted the agreement by cashing a check in the amount of three thousand dollars ($3,000.00), which was the payment spec-

ified in the agreement to be made upon the date of signing, after a defendant affixed his signature to the agreement on December 18, 1972. Monti did receive such a check, but it was signed by McKee in December, and the two attorneys agreed that the check would not be presented for payment until McKee notified Monti that the defendants had advanced this sum to him to cover the check. On or about the twenty-seventh of January, 1973, McKee so notified the plaintiff, and the check was paid on February 3, 1973. The plaintiff applied the amount of the check on the debt due him from the defendant on the judgment. Thus, the fact is that no payment was received by the plaintiff from the defendants at the time they signed the agreement.

Finally, the defendants have raised the question of a wrongful assessment of damages in the judgment below, but their argument on this issue is relevant only if the lower court had been incorrect in finding that there was no mutual agreement between the parties.

*Judgment affirmed.*